TYSON, Judge.
Charles S. Kimbrough, the appellant, was indicted for assault in the first degree, in violation of § 13A-6-20, Code of Alabama 1975. The jury found him “guilty as charged in the indictment.” The trial judge sentenced him to 36 months in the state penitentiary and ordered him to pay restitution in the amount of $16,000.
On September 12, 1987, at approximately 2:00 a.m., Brian Lett was driving on Highway 78 in Jefferson County, Alabama. Marjean Drummond, the victim, was driving about seven car lengths directly in front of Lett. The appellant, Kimbrough, passed Lett and hit Drummond’s vehicle, causing both his vehicle and Drummond's vehicle to run off the road.
Three sheriff officers, who were parked near the Greentop Lounge, observed the appellant speeding on Highway 78 in Jefferson County, Alabama. The officers followed the appellant and saw his vehicle go off the road into the woods. As they approached the scene they noticed Drum-mond’s vehicle on the side of the road. One of the officers assisted Drummond. She had suffered a broken leg and a fractured hip.
Deputy William Carson went to the appellant’s car and assisted the appellant in getting out of the car. The officers detected the odor of alcohol on the appellant’s breath. The appellant told the officers that he had hit something but that he did not hit Drummond’s vehicle. The appellant admitted to the officers that he “was drunk.”
After being arrested, the appellant was taken to the Jefferson County jail, where an Intoxilyzer test was administered.
The appellant argues that the trial court erred in allowing certain documents to be admitted into evidence because, he says, the prosecutor failed to comply with a discovery order. Specifically, the appellant contends that the documents which contained the results of the Intoxilyzer test were properly discoverable under A.R. Crim.P.Temp. 18.1.
On March 16, 1989, the appellant filed a motion for discovery and inspection of certain documents. The motion requested, inter alia, discovery and inspection of:
“The results or reports of any and all physical and mental examination or scientific tests or experiments made in connection with this case, which are within the possession, custody or control of the prosecution, the existence of which is known to the prosecution and which are material to the preparation ‘ of the defense or intended for use by the prosecution as evidence in chief at the trial. Provide specifically: (a) a description of the test; (b) the date it was performed; (c) the name and address of the person(s) performing the tests; (d) any reports, notes, or memoranda, photographs, diagrams or the like made in connection with the test; (e) a sample of the material tested.”
*1251 The record reflects that the prosecutor informed the appellant of the results of the Intoxilyzer test on the day before trial. Because the discovery request was for either the results or the report of the examination, we find that the prosecutor complied with the discovery request.
Further, the appellant claims that based on Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), he was entitled to the report of the Intoxilyzer test, which was admitted into evidence. To establish a Brady violation, the appellant must demonstrate that: (1) the prosecutor suppressed evidence, (2) the evidence was favorable to him or was exculpatory, and (3) that the evidence was material. Ex parte Kennedy, 472 So.2d 1106 (Ala.1985).
In the present case, the appellant failed to meet the second prong of the test. The report from the Intoxilyzer test revealed that the appellant’s blood alcohol content was .16%, which exceeds the amount required for one to be considered legally intoxicated. Therefore, the report itself was not exculpatory.
Further, the result of the Intoxilyzer test was made known before trial. Based on the previous discussion, we find no merit to the appellant’s second argument.
For the reasons stated above, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.